UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISANA

| | |
|---|---|
| MITCHELL MIRAGLIA,<br>an individual,<br><br>   Plaintiff,<br><br>v.<br><br>THE BOARD OF DIRECTORS OF THE<br>LOUISIANA STATE MUSEUM;<br>STEVEN MAKLANSKY, in his official<br>capacity as interim director of the BOARD<br>OF DIRECTORS OF THE LOUISIANA<br>STATE MUSEUM; and<br>THE SMITH ORGANIZATION, LLC<br>d/b/a MONTY'S ON THE SQUARE,<br><br>   Defendants. | Case No:<br><br>Judge:<br><br>Magistrate Judge:<br><br>Related Case No.: 2:15-cv-4947-JCZ-MBN |

## COMPLAINT

Plaintiff, MITCHELL MIRAGLIA, an individual, by and through his undersigned counsel, hereby files this Complaint, and sues THE BOARD OF DIRECTORS OF THE LOUISIANA STATE MUSEUM ("BOARD") for compensatory and nominal damages, injunctive and declaratory relief, and attorneys' fees and costs, pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. ("Title II of the ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. ("Rehabilitation Act"); sues STEVEN MAKLANSKY ("MAKLANSKY"), in his official capacity as interim director and chief executive of the BOARD, for injunctive and declaratory relief and attorneys' fees and costs, pursuant to Title II of the ADA and the Rehabilitation Act; and sues THE SMITH ORGANIZATION, LLC d/b/a MONTY'S ON THE SQUARE ("MONTY'S") for injunctive and declaratory relief and attorneys' fees and costs, pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("Title III of the ADA"), and states as follows:

**JURISDICTION & PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to the Rehabilitation Act and Titles II and III of the ADA. Plaintiff also seeks compensatory and nominal damages—from the BOARD only—pursuant to the Rehabilitation Act and Title II of the ADA.[1] This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is located in Orleans Parish, Louisiana.

3. Plaintiff, MITCHELL MIRAGLIA, (hereinafter referred to as "MR. MIRAGLIA") is a resident of Orleans Parish, Louisiana. MR. MIRAGLIA resides at 2600 Gravier Street.

4. MR. MIRAGLIA is a qualified individual with a disability under the ADA. MR. MIRAGLIA has cerebral palsy and quadriplegia.

5. Due to his disabilities, MR. MIRAGLIA is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. MIRAGLIA is unable to walk, stand, or use his legs without assistance.

6. Upon information and belief, the BOARD is a political entity located within Orleans Parish, Louisiana.

7. Upon information and belief, the BOARD owns the real property, improvements, and programs which are the subject of this action, to wit: the Monty's On the Square restaurant, located at 801 Decatur Street, New Orleans, LA 70116 (hereinafter "Monty's Restaurant").

8. Monty's Restaurant is located in the Lower Pontalba Building, which borders the

---

[1] Plaintiff acknowledges that monetary damages are not available under Title III of the ADA.

downriver side of Jackson Square in the French Quarter of New Orleans, Louisiana.

9. Upon information and belief, the BOARD is the political entity that is responsible for operating, maintaining, and leasing the sales and retail spaces at the Lower Pontalba Building, including Monty's Restaurant.

10. MR. MIRAGLIA previously sued the BOARD over mobility related architectural barriers in sales and retail spaces at the Lower Pontalba Building, but the Court found that MR. MIRAGLIA did not yet have standing to assert claims with regard to the Monty's Restaurant. See Case No. 2:15-cv-4947-JCZ-MBN, Rec. Doc. 66, 99 (hereinafter "Prior Lawsuit").

11. The Prior Lawsuit went to trial on five (5) sales and retail spaces at the Lower Pontalba Building. After trial, the Court concluded that MR. MIRAGLIA "was excluded from and denied physical access to the business offerings at the Lower Pontalba because of his disability." Case. No. 2:15-cv-4947-JCZ-MBN, Rec. Doc. 99 at p.5.

12. As part of discovery in the Prior Lawsuit, MR. MIRAGLIA'S expert performed a Rule 34 Inspection of the public accommodations at the Lower Pontalba Building, including the Monty's Restaurant, and prepared a report detailing the mobility-related architectural barriers therein (hereinafter "Prior Expert Report"). A copy of the Prior Expert Report was provided to the BOARD on May 31, 2016. See Exhibit "A" (portions of the Prior Expert Report relating to ADA barriers at the Monty's Restaurant).

13. After the BOARD received the Prior Expert Report, and, upon information and belief, after the conclusion of trial in the Prior Lawsuit, a new ramp was installed outside of the entrance to the Monty's Restaurant.

14. During a visit to Jackson Square on February 22, 2018, MR. MIRAGLIA noticed the new, safer-appearing ramp, and decided to try to use it to enter into the Monty's Restaurant for lunch.

15. This lawsuit involves the serious difficulties MR. MIRAGLIA encountered while using the still non-compliant new ramp at the Monty's Restaurant, as well as other mobility-related barriers to access MR. MIRAGLIA observed and encountered inside.

16. Upon information and belief, MAKLANSKY is the interim director of the BOARD, and is the official with chief executive power on the BOARD who bears responsibility for administering, operating, and maintaining the BOARD'S public goods and services. MAKLANSKY is named and sued in his official capacity only.

17. Upon information and belief, MONTY'S is a limited liability company organized in the State of Louisiana, and doing business in Orleans Parish under the trade name "Monty's on the Square."

18. Upon information and belief, MONTY'S is a lessee of 801 Decatur Street, New Orleans, LA 70116, and operates the Monty's Restaurant at that address.

19. The BOARD, MAKLANSKY, and MONTY'S are hereinafter collectively referred to as "DEFENDANTS."

20. DEFENDANTS are responsible for complying with the obligations of the ADA.

21. The BOARD and MAKLANSKY are further responsible for complying with the obligations of the Rehabilitation Act.

22. DEFENDANTS are responsible for ensuring that the Monty's Restaurant complies with the ADA, and that the programs, facilities, and accommodations offered at the Monty's

Restaurant do not discriminate against individuals with disabilities.

23. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana.

## COUNT I
## VIOLATION OF TITLE III OF ADA
## (AS TO MONTY'S)

24. MR. MIRAGLIA realleges and reavers Paragraphs 1 - 23 as if they were expressly restated herein.

25. Monty's Restaurant is a place of public accommodation, subject to the ADA, generally located at 801 Decatur Street, New Orleans, LA 70116. Monty's Restaurant is open to the general public during normal business hours.

26. Monty's Restaurant is located less than two and one half (2.5) miles away from MR. MIRAGLIA'S home.

27. Monty's Restaurant is located in the French Quarter, adjacent to Jackson Square.

28. MR. MIRAGLIA frequently visits the French Quarter and the Jackson Square area for dining, shopping, sightseeing, recreating, and special events.

29. MR. MIRAGLIA last visited the Monty's Restaurant on February 22, 2018.

30. During his last visit to the Monty's Restaurant on February 22, 2018, MR. MIRAGLIA physically entered into the restaurant to eat lunch with his personal aid.

31. MR. MIRAGLIA has personally encountered and observed mobility-related architectural barriers to access at the Monty's Restaurant, both interior and exterior.

32. MR. MIRAGLIA has encountered serious difficulties accessing the goods and utilizing the services offered to the general public at the Monty's Restaurant due to the mobility-related architectural barriers described herein.

33. MR. MIRAGLIA presently desires to visit the Monty's Restaurant again.

34. MR. MIRAGLIA is presently aware that if he were to visit the Monty's Restaurant again, he would again experience serious difficulty accessing the goods and utilizing the services offered to the general public at the Monty's Restaurant, due to the architectural barriers discussed herein, which still exist.

35. MR. MIRAGLIA intends to and will visit the Monty's Restaurant again to utilize the goods and services in the near future, but fears that he will encounter the same barriers to access that are the subject of this action.

36. The barriers discussed herein are excluding MR. MIRAGLIA from the programs, services, and activities offered at the Monty's Restaurant.

37. The barriers discussed herein are excluding MR. MIRAGLIA from the equal opportunity to participate in, or benefit from, the goods, services, and accommodations that are offered to the general public at the Monty's Restaurant.

38. MR. MIRAGLIA plans to and will visit the Monty's Restaurant in the near future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

39. Upon information and belief, the Monty's Restaurant is not accessible due to, but not limited to, the following mobility-related architectural barriers at the Monty's Restaurant, which presently exist:

    A. The new ramp at the entrance of the Monty's Restaurant remains noncompliant and dangerous for wheelchair users. The ramp lacks the required edge protection, and there is a gap between the ramp and the door

threshold, which is especially dangerous to wheelchair users attempting to squeeze through the narrow open doorway or maneuver through the unopened second door leaf. During MR. MIRAGLIA'S visit to the Monty's Restaurant on February 22, 2018, his aid had to physically adjust the ramp due to the gap and assist MR. MIRAGLIA inside.

B. There is a step up into the restroom area inside the Monty's Restaurant, making the restrooms **completely inaccessible** to wheelchair users;

C. Other mobility-related ADA barriers at the Monty's Restaurant, both interior and exterior, to be identified following a complete inspection.

40. Due to his review of the Prior Expert Report, MR. MIRAGLIA has specific reason to believe that significant barriers to access also exist within the men's restroom of the Monty's Restaurant, including: the door to the men's restroom is too narrow; the water closet is too narrow and lacks adequate floor clearance and turning space; the urinals are installed too high; there is inadequate knee and toe clearance beneath the sink; the faucet controls require an impermissible tight grasping a twisting motion to operate; and the mirror is installed too high. See Exhibit A.

41. Due to the step up into the restroom area inside the Monty's Restaurant, MR. MIRAGLIA did not specifically encounter any barriers inside the men's restroom. However, MR. MIRAGLIA desires to, and intends to, use the restroom during his next visit to the restaurant. MR. MIRGALIA presently fears that he will encounter significant barriers to access inside the men's restroom when he attempts to use the restroom in the future. MR. MIRAGLIA therefore seeks to remedy those barriers with this litigation.

42. As this Court has previously found, "A person with a disability need not suffer the indignity and safety risk of the futile gesture of bumping the wheels of his chair into obvious physical barriers in order to create standing to pursue rights under federal law." Case. No. 2:15-cv-4947-JCZ-MBN, Rec. Doc. 99 at p.4.

43. MR. MIRGLIA continues to desire to visit the Monty's Restaurant, but will continue to experience serious difficulty until the barriers discussed herein are removed.

44. MR. MIRAGLIA intends to and will visit the Monty's Restaurant in the future, but fears that DEFENDANTS will continue to discriminate against him by failing to modify the barriers alleged herein.

45. Upon information and belief, all barriers to access and ADA violations at the Monty's Restaurant still exist, and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

46. Upon information and belief, removal of the discriminatory barriers to access located at the Monty's Restaurant is readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on DEFENDANTS.

47. Upon information and belief, removal of the barriers to access located at the Monty's Restaurant would provide MR. MIRAGLIA with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations that are offered to the general public at the Monty's Restaurant.

48. Upon information and belief, DEFENDANTS have failed to adopt any alternatives to barrier removal that would provide MR. MIRAGLIA with equal access to the services and accommodations that are offered for public use at the Monty's Restaurant.

49. MR. MIRAGLIA has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from DEFENDANTS pursuant to 42 U.S.C. § 12205.

**COUNT II**
**VIOLATION OF TITLE II OF THE ADA**
**(AS TO THE BOARD AND MAKLANSKY)**

50. MR. MIRAGLIA realleges and reavers paragraphs 1-49 as if they were expressly restated herein.

51. Upon information and belief, the BOARD and MAKLANSKY develop, provide, and make decisions about the services and programs offered at the sales and retail spaces at the Lower Pontalba Building, including the Monty's Restaurant.

52. Upon information and belief, the BOARD and MAKLANSKY have elected to lease 801 Decatur Street, New Orleans, LA 70116 to MONTY'S as a means of generating revenue.

53. Upon information and belief, the BOARD and MAKLANSKY knew and approved that MONTY'S would operate a restaurant at 801 Decatur Street, New Orleans, LA 70116, and knew and approved that the restaurant would be open to general public.

54. MR. MIRAGLIA has had difficulty accessing the goods, services, programs, and activities offered at the Monty's Restaurant, due to the architectural barriers discussed above.

55. The architectural barriers at the Monty's Restaurant are excluding MR. MIRAGLIA from the programs and activities offered there.

56. The architectural barriers at the Monty's Restaurant are excluding MR. MIRAGLIA from equal access to the programs and activities offered there.

57. DEFENDANTS have failed to adopt any alternatives to barrier removal that would provide MR. MIRAGLIA with meaningful access to the goods, services, and programs that are offered to the general public at the Monty's Restaurant.

58. DEFENDANTS have discriminated against MR. MIRAGLIA, and are continuing to discriminate him, in violation of the ADA, by excluding MR. MIRAGLIA from the full and equal benefits of the services, programs, and/or activities offered to the general public at the Monty's Restaurant.

59. DEFENDANTS have discriminated against MR. MIRAGLIA, and are continuing to discriminate him, in violation of the ADA, by excluding MR. MIRAGLIA from the full and equal participation in the services, programs, and/or activities offered to the general public at the Monty's Restaurant.

60. DEFENDANTS have discriminated against MR. MIRAGLIA, and are continuing to discriminate him, in violation of the ADA, by denying him full access to the services, programs, and/or activities offered to the general public at the Monty's Restaurant.

61. DEFENDANTS have discriminated against MR. MIRAGLIA, and are continuing to discriminate him, in violation of the ADA, by failing to make the Monty's Restaurant readily accessible as required by U.S.C. §12132 and its implementing regulations, 28 C.F.R. Part 35.101-35.190 *et. seq.*

62. DEFENDANTS have discriminated against MR. MIRAGLIA, and are continuing to discriminate him, in violation of the ADA, by failing to have accessible facilities within five (5) years of January 26, 1992.

63. DEFENDANTS have discriminated against MR. MIRAGLIA, and are continuing to

discriminate him, in violation of the ADA, by failing to ensure that all portions of the Monty's Restaurant that were altered after January 26, 1992 were made readily accessible and usable by individuals with disabilities to the maximum extent feasible.

64. MR. MIRAGLIA has personally observed and experienced the barriers to access at the Monty's Restaurant discussed herein.

65. MR. MIRAGLIA'S experience while visiting the Monty's Restaurant shows that the services, programs, and activities offered to the public at the Monty's Restaurant, when viewed in their entirety, are not accessible to people with mobility-related disabilities.

66. 28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or location of a facility, make selections–(I) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..."  DEFENDANTS have violated this provision by providing their services, programs, and/or activities at an inaccessible facility.

67. Upon information and belief, DEFENDANTS continue to discriminate against MR. MIRAGLIA, and all those similarly situated, by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is denied services, programs, and/or activities, or is excluded, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

68. Upon information and belief, MR. MIRAGLIA and other individuals similarly situated

have been denied full and equal access to DEFENDANTS' property, have been denied the benefits of services, programs and/or activities offered at DEFENDANTS' property, and have otherwise been discriminated against by DEFENDANTS, as set forth above.

69. DEFENDANTS' conduct has resulted in a cognizable injury to MR. MIRAGLIA.

70. MR. MIRAGLIA has been damaged and will continue to be damaged by DEFENDANTS' discrimination as more fully set forth above.

71. As a direct and proximate result of DEFENDANTS' unlawful discrimination, MR. MIRAGLIA has suffered emotional distress, frustration, inconvenience, anxiety, humiliation, loss of autonomy, and an invasion of his civil rights. As this Court has previously found, MR. MIRAGLIA "feels emotional injury when his disability prevents him from partaking in offerings that nondisabled members of the public can readily enjoy." Case. No. 2:15-cv-4947-JCZ-MBN, Rec. Doc. 99 at p.3.

72. 42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

73. MR. MIRAGLIA is therefore entitled to compensatory and nominal damages from the BOARD caused by DEFENDANTS' unlawful discrimination. With regards to nominal damages, it is MR. MIRAGLIA'S position that even an award of nominal damages would confer significant civil rights to the public, as a judgment in his favor against the BOARD, regardless of the amount, would deter DEFENDANTS from discriminating against individuals with disabilities in the future.

74. DEFENDANTS had actual and/or constructive knowledge that mobility-related accessibility issues exist at the Monty's Restaurant. MR. MIRAGLIA has previously sued the BOARD about mobility-related architectural barriers at the Lower Pontalba Building, <u>see</u> Case No. 2:15-cv-4947-JCZ-MBN, and previously provided the BOARD with the Prior Expert Report detailing mobility-related architectural barriers at the Monty's Restaurant. <u>See</u> Exhibit A.

75. Despite actual and/or constructive knowledge that mobility-related accessibility issues exist at the Monty's Restaurant, DEFENDANTS did not eliminate the architectural barriers at the Monty's Restaurant.

76. The harms suffered by MR. MIRAGLIA were the foreseeable result of DEFENDANTS' action and inaction.

77. The harms suffered by MR. MIRAGLIA were the foreseeable result of DEFENDANTS' neglecting their affirmative duty to ensure that the programs and activities offered to the public at the Monty's Restaurant are accessible to wheelchair users.

78. The harms suffered by MR.MIRAGLIA were the foreseeable result of DEFENDANTS' continued discrimination against wheelchair users like MR. MIRAGLIA.

79. DEFENDANTS discriminated against MR. MIRAGLIA with deliberate indifference to his rights as an individual with a disability.

80. Based on the facts alleged above, DEFENDANTS intentionally discriminated against MR. MIRAGLIA.

81. Further, DEFENDANTS were purposeful in their choices, which is sufficient to constitute intentional discrimination under the ADA.

82. In the alternative, DEFENDANTS' discriminatory conduct has a disparate impact on people with disabilities. In <u>Kelly v. Boeing Petroleum Servs., Inc.</u>., the Fifth Circuit held that the Supreme Court expressly rejected the notion that a plaintiff is required to show intentional discrimination to establish a prima facie case of disparate impact discrimination under federal discrimination law. 61 F.3d 350, 365 (5th Cir. 1995).

83. MR. MIRAGLIA plans to return to the Monty's Restaurant in the near future to take advantage of the goods, services, programs, activities, and accommodations offered there.

84. MR. MIRAGLIA plans to and will visit the Monty's Restaurant in the future, as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

85. MR. MIRAGLIA will continue to suffer discrimination, injury, and damage without the immediate relief provided by the ADA as requested herein.

86. Pursuant to 42 U.S.C. § 12131, *et seq*., this Court is provided with authority to grant MR. MIRAGLIA injunctive relief, including Ordering DEFENDANTS to alter the Monty's Restaurant to make those facilities, and/or programs, and/or activities readily accessible and useable to MR. MIRAGLIA and all other persons with disabilities as defined by the ADA; or by closing the Monty's Restaurant until such time as DEFENDANTS cure the violations of the ADA.

87. Furthermore, to fully remedy DEFENDANTS' discriminatory violations and to avoid further piecemeal litigation, MR. MIRAGLIA demands a full inspection of the Monty's Restaurant in order to catalogue and cure all the areas of non-compliance with the ADA.

88. MR. MIRAGLIA has retained the undersigned counsel and is entitled to recover

reasonable attorneys' fees, costs and litigation expenses from DEFENDANTS pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

## COUNT III
## VIOLATION OF THE REHABILITATION ACT
## (AS TO THE BOARD AND MAKLANSKY)

89. MR. MIRAGLIA adopts and re-alleges the allegations contained in paragraphs 1-88 as if fully stated herein.

90. MR. MIRAGLIA brings this claim against the BOARD and MAKLANSKY, based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq*.

91. The Rehabilitation Act, 29 U.S.C. § 794(a), provides that:

> *No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.*

92. Upon information and belief, as set forth herein, DEFENDANTS have violated the Rehabilitation Act by intentionally excluding MR. MIRAGLIA from the participation in, and denying him the benefits of, and have otherwise subjected MR. MIRAGLIA to discrimination under, DEFENDANTS' programs and activities, solely by reason of MR. MIRAGLIA'S disability.

93. Upon information and belief, a non-exclusive list of DEFENDANTS' violations of the Rehabilitation Act and discriminatory conduct against MR. MIRAGLIA are evidenced by:

    A.    denying MR. MIRAGLIA access to, and the opportunity to participate in

        or benefit from, the aids, benefits, activities, programs, accommodations and services offered at the Monty's Restaurant;

    B.    by otherwise limiting MR. MIRAGLIA in the enjoyment of the rights, privileges, advantages, and opportunities enjoyed by individuals without disabilities who receive DEFENDANTS' benefits and services;

    C.    making facility site or location selections that have the effect of discriminating against individuals with disabilities, and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs, and activities offered by DEFENDANTS at the Monty's Restaurant;

    D.    failing to administer services, programs, and activities in the most integrated setting appropriate to the needs of MR. MIRAGLIA;

    E.    excluding MR. MIRAGLIA from participation in, and the benefits of, DEFENDANTS' services, programs, and activities as a result of DEFENDANTS' property being inaccessible to, or unusable by, MR. MIRAGLIA; and

    F.    failing to design and/or construct new facilities, or make alterations to existing facilities, that are readily accessible to and useable by individuals with disabilities.

94.    Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at the Monty's Restaurant that MR. MIRAGLIA is more likely than not going to encounter upon his future visits to the subject premises. MR. MIRAGLIA

brings this action:

    A.    to redress injuries suffered as a result of DEFENDANTS' discriminatory actions and inactions set forth herein;

    B.    to reasonably avoid further and future injury as a result of DEFENDANTS' ongoing failure to cease its discriminatory practices as set forth in this action;

    C.    to ensure DEFENDANTS' property is accessible to wheelchair users, as required by the relevant applications of the ADA and the Rehabilitation Act;

    D.    to be made whole and ensure future compliance; and

    E.    to reasonably avoid future ADA and Rehabilitation Act litigation involving the same property and under the same laws as set forth herein, with its concomitant impact on otherwise scarce judicial resources.

95. Only through a complete inspection of the current condition of the Monty's Restaurant, undertaken by MR. MIRAGLIA and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

96. Upon information and belief, the BOARD is the recipient of federal funds.

97. Upon information and belief, as the recipient of federal funds, the BOARD is liable for compensatory and nominal damages to MR. MIRAGLIA as a result of its acts and omissions constituting intentional discrimination, as set forth above.

98. In the alternative, DEFENDANTS' discriminatory conduct has a disparate impact on

people with disabilities. In <u>Kelly v. Boeing Petroleum Servs., Inc.</u>, the Fifth Circuit held that the Supreme Court expressly rejected the notion that a plaintiff is required to show intentional discrimination to establish a prima facie case of disparate impact discrimination under federal discrimination law. 61 F.3d 350, 365 (5th Cir. 1995).

99. As set forth above, MR. MIRAGLIA has been denied access to, and has been, and without the relief requested herein will continue to be denied access to, the goods, services, programs, facilities, activities, and accommodations offered by DEFENDANTS, solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability, as a result of DEFENDANTS' Rehabilitation Act violations set forth above.

100. MR. MIRAGLIA has been obligated to retain undersigned counsel for the filing and prosecution of this action. MR. MIRAGLIA is entitled to recover those attorneys' fees, costs and litigation expenses from DEFENDANTS pursuant to 29 U.S.C. §794(b).

101. Pursuant to 29 U.S.C. §794(a), this Court is provided authority to grant MR. MIRAGLIA injunctive relief, including an order to alter the subject premises, facilities, services, activities, programs, and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities and discontinuing all non-complying services, activities, programs, and accommodations until the requisite modifications are completed; and, granting MR. MIRAGLIA compensatory and nominal damages for the BOARD's discriminatory actions.

**PRAYER FOR RELIEF**

WHEREFORE, MR. MIRAGLIA prays that:

    A.    This Court issue a Declaratory Judgment that determines that DEFENDANTS are in violation of Titles II and III of the Americans with Disabilities Act;

    B.    This Court issue a Declaratory Judgment that determines that the property, programs, and activities owned, operated, and administered by DEFENDANTS are in violation of the Rehabilitation Act;

    C.    This Court grant preliminary and permanent injunctive relief against DEFENDANTS, including an order to make all readily achievable alterations to the Monty's Restaurant; or to make such property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require DEFENDANTS to make reasonable modifications in their policies, practices, or procedures, as necessary to afford all offered goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; and to take all steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

    D.    This Court enter an Order directing DEFENDANTS to alter and modify the Monty's Restaurant and its facilities, services, activities, programs, and accommodations, as appropriate to comply with the ADA and the

Rehabilitation Act;

E.     This Court award monetary damages, including compensatory and nominal damages, pursuant to Title II of the ADA and the Rehabilitation Act, for the harms caused by the BOARD'S discrimination;

F.     This Court award reasonable attorneys' fees, costs, and litigation expenses, pursuant to 29 U.S.C. § 794a(a)2, 42 U.S.C. § 12205, and 28 C.F.R. § 35.175; and

G.     Such other relief as the Court deems just and proper, and/or is allowable under the ADA and the Rehabilitation Act.

Respectfully Submitted,

BIZER & DEREUS, LLC
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Marc P. Florman (LA # 35128)
mflorman@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: /s/ Andrew D. Bizer
      ANDREW D. BIZER