UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MITCHELL MIRAGLIA                                          CIVIL ACTION

VERSUS                                                     NO. 18-5695

BD. OF SUPERVISORS OF LA. STATE MUSEUM, ET AL.,            SECTION "A"(5)
and SMITH ORGANIZATION D/B/A MONTY'S ON THE SQUARE

**ORDER AND REASONS**

The following motions are before the Court: **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 10)** and **Motion for Summary Judgment (Rec. Doc. 11)** filed by The Board of Directors of the Louisiana State Museum and Steven Maklansky in his official capacity as interim director of the Louisiana State Museum. Plaintiff Mitchell Miraglia opposes the motions. The motions, submitted for consideration on September 5, 2018, are before the Court on the briefs without oral argument.

I.  **Background**

Plaintiff Mitchell Miraglia ("Plaintiff" or "Miraglia") is a quadriplegic afflicted with cerebral palsy and he requires a wheelchair for mobility. Defendant Board of Directors of the Louisiana State Museum is a subdivision of the State of Louisiana and operates the retail complex in the Lower Pontalba Building located in New Orleans. Defendant Steven Maklansky is the interim director of the Museum and he has been sued in his official capacity only (Maklansky and the Board are referred to collectively as "the Museum"). Defendant Smith Organization, LLC d/b/a Monty's on the Square leases

18-4947 *Miraglia v. La. State Museum & Monty's*
The Museum's Motion to Dismiss/for Summary Judgment (Rec. Docs. 10 & 11)
Page 1 of 6

retail space in the Lower Pontalba Building and operates a public restaurant from that location.

Plaintiff has sued defendants under the ADA and Rehabilitation Act (the Museum only as to the latter) for barriers to access that he encountered on February 22, 2018, when he visited Monty's during normal business hours.[1] Plaintiff complains that he encountered barriers to access in entering the restaurant because the ramp provided at the entrance was non-ADA compliant and dangerous for wheelchair users. Plaintiff contends that significant barriers to access also exist within the men's restroom, which was completely inaccessible to wheelchair users.

By way of background, this is not Mr. Miraglia's first lawsuit against the Museum. In Civil Action 15-4947, Miraglia sued the Museum under the ADA for accessibility violations at several of the retail shops leasing space from the Museum in the Lower Pontalba Building. The case was tried to the bench on September 11, 2017. On the morning of trial before the presentation of evidence began, the State was allowed to admit evidence that it had purchased five door buzzers, portable ramps, and signs to be installed and made available to the retail tenants. Given that five ramps were purchased, the Court assumes that those were for the retail establishments at issue in

---

[1] The ADA and Rehabilitation Act generally are interpreted in para materia. *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011). Section 504 of the Rehabilitation Act prohibits disability discrimination by recipients of federal funding. Neither side suggests that the standards applicable under the ADA differ in any manner from the standards applicable under the Rehabilitation Act, at least insofar as this case is concerned. Plaintiff alleges that the Museum receives federal funding to supports its operations.

18-4947 *Miraglia v. La. State Museum & Monty's*
The Museum's Motion to Dismiss/for Summary Judgment (Rec. Docs. 10 & 11)
Page 2 of 6

that particular lawsuit for which Mr. Miraglia had standing to sue: Ma Sherie Amour Shop, Little Toy Shop, Louisiana Visitors and Information Center, Creole Delicacies, and Tabasco Country Store. Access to Monty's was not at issue as of the date of trial, and it appears that the Museum did not take the prophylactic measure of providing the other tenants in the Lower Pontalba (like Monty's) with their own ramps because the ramp that Plaintiff encountered when he attempted to enter Monty's on February 22, 2018, was not like the ADA-compliant ramps that the Museum purchased in conjunction with Civil Action 15-4947.[2]

Plaintiff has sued the Museum under Title II of the ADA and the Rehabilitation Act for disability discrimination; he has sued Monty's under Title III of the ADA.

The Museum now moves to dismiss all claims against it contending that it cannot be liable for any violations committed by its lessee, Monty's. Additionally, the Museum moves for summary judgment as to the exterior accessibility claim, contending that the claim is now moot.

**II.    Discussion**

The Museum's motion to dismiss is grounded on the contention that Monty's allegedly discriminatory programs and activities are distinct from those offered by the Museum. The Museum frames the question of law presented by its motion as whether the Museum can be liable under Title II of the ADA for Monty's alleged failures to

---

[2] According to Plaintiff, both the interior and exterior accessibility barriers at Monty's were made known to the Museum in 2016 via his expert report in the 15-4947 case.

18-4947 *Miraglia v. La. State Museum & Monty's*
The Museum's Motion to Dismiss/for Summary Judgment (Rec. Docs. 10 & 11)
Page 3 of 6

accommodate with respect to its programs, activities, and events—in other words, its restaurant business. The Museum posits that this Court has already recognized that the Museum and its tenants do not act jointly, which is one of the requirements for holding a public entity and a private entity responsible for ADA violations.

When resolving a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Firefighters' Retirement Sys. v. Grant Thornton, LLP*, 894 F.3d 665, 669 (5th Cir. 2018) (quoting *Hines v. Alldredge*, 783 F.3d 197-200-01 (5th Cir. 2015)). To survive a motion to dismiss, a complaint must contain sufficient factual mater, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

The Museum's motion to dismiss is DENIED because contrary to what the Museum suggests, Plaintiff is not attempting to hold the Museum vicariously liable for Monty's alleged violations. Regarding the interior access issues in the men's restroom at Monty's, Plaintiff's allegation that the Museum itself is responsible for those barriers is factually plausible. The barriers described in the restroom are not necessarily curable without alterations that are expressly forbidden under the lease. (Rec. Doc. 14-1, Opposition Exh. A). Whether something short of those types of alterations would cure the problems—and therefore whether Monty's should have corrected the problem on its

18-4947 *Miraglia v. La. State Museum & Monty's*
The Museum's Motion to Dismiss/for Summary Judgment (Rec. Docs. 10 & 11)
Page 4 of 6

own—is beyond the scope of a Rule 12(b)(6) motion to dismiss. At this juncture, the Court accepts as true the allegation that the men's restroom is completely unusable to wheelchair users and it is beyond the scope of the pleadings to determine who bears the fault for the problem. All that is certain is that the Museum cannot insulate itself from liability by leasing a non-compliant space to a tenant who may be contractually prohibited from curing the problem. Whether this is what has actually occurred in this case is not to be resolved on the pleadings alone.

As to the exterior access barrier that was created by the inferior ramp, there is no evidence that the Museum provided to Monty's the ADA-compliant ramp and buzzer system that was approved in Civil Action 15-4947 until after this lawsuit was filed. In fact, Mr. Robert W. Levy confirms in his affidavit that the apparatus was provided to Monty's on July 10, 2018, after suit was filed. (Rec. Doc. 11-4, MSJ Exh. A). Thus, this case does not present the situation that the Court alluded to in its Findings of Fact and Conclusions of Law entered in 15-4947 where the Court stated: "The Louisiana State Museum does not oversee or supervise the day to day operations of the tenants and cannot be responsible if the employees of a given tenant fail to appropriately respond when a disabled person presses the door buzzer for assistance (by unlatching the second door fold and placing the portable ramp into position)." (Rec. Doc. 99 at 6). In other words, Plaintiff is not claiming that the Museum is responsible for its tenant's failure to properly place the ramp upon request. This statement by the Court in Civil Action 15-4947 is not a finding that the Museum and its tenants do not act jointly.

18-4947 *Miraglia v. La. State Museum & Monty's*
The Museum's Motion to Dismiss/for Summary Judgment (Rec. Docs. 10 & 11)
Page 5 of 6

Plaintiff's request for injunctive relief might inevitably be moot in light of *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 608 (2001), but the Court declines to make that determination on the pleadings. Moreover, the claim for damages related to the exterior access barrier is not mooted by the Museum's post-filing remedy.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 10)** and the **Motion for Summary Judgment (Rec. Doc. 11)** filed by The Board of Directors of the Louisiana State Museum and Steven Maklansky in his official capacity as interim director of the Louisiana State Museum are **DENIED**.

September 20, 2018

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

18-4947 *Miraglia v. La. State Museum & Monty's*
The Museum's Motion to Dismiss/for Summary Judgment (Rec. Docs. 10 & 11)
Page 6 of 6